## IN THE UNITED STATES DISTRICT FOR
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL PLOEGER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>NEXTGEN LEADS, LLC d/b/a FIRSTQUOTE HEALTH, *a Delaware corporation*,<br><br>Defendant. | COMPLAINT -- CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff APRIL PLOEGER brings this class action against Defendant NEXTGEN LEADS, LLC d/b/a FIRSTQUOTE HEALTH, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is a health insurance referral service. To promote its services, Defendant engages in unsolicited text message marketing, harming thousands of consumers in the process.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation and disruption of the daily life of countless individuals. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies.

**PARTIES**

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Philadelphia, Pennsylvania, and the subscriber and user of the cellular telephone number 215-***-5168 (the "5168 Number").

5. Defendant is, and at all times relevant hereto was, a Delaware limited liability corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in San Diego, California. Defendant directs, markets, and provides business activities throughout the State of Pennsylvania.

**JURISDICTION, VENUE, AND STANDING**

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

7. Defendant is subject to personal jurisdiction in Pennsylvania because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Pennsylvania to consumers in violation of the TCPA. Defendant has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

8. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

9. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because she is not requesting an advisory

opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTUAL ALLEGATIONS

10. On or about December 19, 2021, Defendant sent the following telemarketing text messages to Plaintiff's cellular telephone number ending in 5168. The text messages conclude with the following opt-out instructions: "Msg 'no' to end":



11. On or about December 19, 2021, Plaintiff responded with the word "No" in an attempt to opt-out of any further text message communications with Defendant.

12. Despite Plaintiff's use of standard opt-out language, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff further texts messages and phone calls offering its services utilizing a different phone number on December 20, 2021, December 21, 2021, and December 23, 2021.






13. Plaintiff received the subject text messages and calls from within this judicial District and, therefore, Defendant's violation of the TCPA occurred within this District.

14. The purpose of Defendant's text messages was to promote and solicit its health insurance referral services.

15. "FirstQuote Health" as identified in Defendant's messages is an entity owned and operated by Defendant, where Defendant facilitates its services.

16. Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

17. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

18. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

19. Upon information and belief, at no point in time did Plaintiff provide Defendant with her express consent to be contacted.

20. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff responded "No" on December 19, 2021.

21. Upon information and belief, Defendant caused similar text messages to be sent to other individuals residing within this judicial District.

22. Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

23. The text messages originated from telephone numbers (270) 807-8745 and (269) 332-0018, both numbers of which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

24. Defendant's unsolicited text messages and phone calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages and phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent is comprised of and defined as:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message or call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number**

> ***after*** **making a request to Defendant to not receive future text messages.**

26. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

27. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

## NUMEROSITY

28. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they had revoked consent to be contacted. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMONALITY

30. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Among the questions of law and fact common to the Class are:

   i. Whether Defendant violated 47 C.F.R. § 64.1200(d);

   ii. Whether Defendant's conduct was knowing and willful;

   iii. Whether Defendant adhered to requests by class members to stop sending text messages and calls to their telephone numbers;

    iv.    Whether Defendant keeps records of text and call recipients who revoked consent to receive texts and/or calls;

    v.    Whether Defendant has any written policies for maintaining an internal do not call list;

    vi.    Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    vii.    Whether Defendant is liable for damages, and the amount of such damages; and

    viii.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services after the consumer had opted out of further communication is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

32. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

## ADEQUACY

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique

to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the thousands or millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

36. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(2)**
*Individually and on Behalf of the Internal Do Not Call Class*

37. Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 36 as is fully set forth herein.

38. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

39. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

40. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order,

CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

41. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

42. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

43. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

44. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

45. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

46. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

47. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

48. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, prays for the following relief:

i. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel;

ii. An award of actual and statutory damages for ach and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(c)(5);

iii. An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

iv. An order declaring that Defendant's actions, set out above, violate the TCPA;

v. An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

vi. Pre-judgment and post-judgment interest on monetary relief; and

vii. Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: May 19, 2022            */s/ \_Ari Marcus*_____
                                         Ari Marcus, Esq.
                                         **MARCUS & ZELMAN, LLC**
                                         701 Cookman Avenue, Suite 300
                                         Asbury Park, New Jersey 07712
                                         Telephone:     (732) 695-3282
                                         Facsimile:      (732) 298-6256
                                         Ari@MarcusZelman.com

                                         ***Attorney for Plaintiff***